IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER GEORGE ARNONE, §
§
          Plaintiff, §
§ Civil Action No. 3:17-CV-3027-D
VS. §
§
JAVED SYED, et al., §
§
          Defendants. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Christopher George Arnone ("Arnone") moves for leave to effect substituted service on defendant Susan McWithey Hawk ("Hawk") and for an extension of time to serve defendant Dr. Michael Noyes ("Dr. Noyes"). For the reasons that follow, the court grants the motion to extend time and denies without prejudice the motion to effect substituted service.[1]

I

Arnone moves under Fed. R. Civ. P. 5(d) for leave to effect service on Hawk "by leaving it with the clerk of the Court or by other method of substituted service such as by notice through the local newspaper." P. Mot. 3. Arnone improperly bases his motion on methods of service specified in Rule 5(b)(2). These methods of service apply only to the forms of papers listed in Rule 5(a)(1).[2]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] These papers include an order stating that service is required; a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants; a discovery paper required to be served on a party, unless the court orders otherwise; a written motion, except one that may be heard ex parte; and a written notice, appearance, demand,

Rule 4 governs the service of a summons. Rule 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Texas law provides that when personal service has been unsuccessful,

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service . . . (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). In this case, Arnone has not presented evidence that his proposed methods of service will be "reasonably effective" to give Hawk notice of the suit. Because he has not made the showing required for the court to grant leave to effect substituted service on Hawk, the court denies the motion without prejudice.

II

Arnone also moves for 10 additional days to serve Dr. Noyes. Arnone has shown that the difficulties in locating Dr. Noyes warrant an extension of the time to effect service. Accordingly, the court grants the motion and grants plaintiff 21 days from the date of this order to serve Dr. Noyes.[3]

\* \* \*

The court denies without prejudice Arnone's motion to authorize substituted service on

---

or offer of judgment, or any similar paper. Rule 5(a)(1).

[3]By granting plaintiff more time than he requested, the court will avoid the necessity to rule on an additional motion if plaintiff encounters unexpected difficulties in serving Dr. Noyes.

defendant Hawk and grants Arnone's motion for an extension of time to serve Dr. Noyes, as set forth in this memorandum opinion and order.

**SO ORDERED**.

January 31, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE